UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
AT DETROIT

| | | |
|---|---|---|
| **VICTORIA HAMILTON** | : | |
| | : | CASE NO. 2:20-cv-11119 |
| **Plaintiff** | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA** 2211 Congress St. Portland, ME 04122 | : | **COMPLAINT** |
| | : | |
| and | : | |
| **AUDIO VISUAL INNOVATIONS, INC. DBA AVI-SPL BENEFIT PLAN** 6301 Benjamin Rd., Suite 101 Tampa, FL 33634 | : : | |
| **Defendants** | : | |

Now comes the Plaintiff, Victoria Hamilton, by and through counsel, and for her Complaint hereby states as follows:

1

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, the Plaintiff, Victoria Hamilton, asserts a claim for group disability benefits available under a long-term disability Plan provided for the employees of Audio Visual Innovations, Inc. dba AVI-SPL (hereinafter the "Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Victoria Hamilton, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Audio Visual Innovations, Inc. dba AVI-SPL. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated, and she could no longer work. Plaintiff is now disabled. Venue is proper in the Eastern District of Michigan because the agreement providing long-term disability benefits was breached in Wayne County, Dearborn, Michigan.

5. At all times relevant hereto, the long-term disability plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Unum Life Insurance Company of America (hereinafter, "Unum").

## STATEMENT OF FACTS

7. Victoria Hamilton was hired by Audio Visual Innovations, Inc. dba AVI-SPL on December 13, 2004 and worked as a Conference Planner before having to leave work on June 16, 2016, due to multiple medical conditions including, but not limited to, lumbar spondylosis, facet arthropathy, neural foraminal narrowing, cervical spondylosis with bilateral radiculopathy, central nervous system demyelinating disorder, fibromyalgia, chronic pain syndrome, persistent headaches, degenerative joint disease of the bilateral knees, neuropathy, granuloma annularis, chronic fatigue syndrome, generalized anxiety disorder, post-traumatic stress disorder and depressive disorder.

8. Ms. Hamilton worked as a "Conference Planner" which is a skilled, light strength demand occupation. This occupation required frequent travel.

9.     Ms. Hamilton applied for short-term disability benefits upon her departure from work.  These benefits were approved and paid for the time period of June 16, 2016 through December 18, 2016.

10.    Long-term disability benefits began on December 19, 2016 and were paid for the inability to perform her "own occupation" until December 18, 2018. Unum paid long-term disability benefits through April 12, 2019, under a reservation of rights while they investigated whether continuing benefits were supported.  Unum's original denial was issued by letter dated April 12, 2019.

11.    The April 12, 2019, denial letter indicated that Ms. Hamilton's claim was limited by the mental illness and self-reported symptoms language in the policy.  This language limits benefits to 24 months if disability is based upon mental health diagnoses or self-reported symptoms, such as pain and fatigue.

12.    The definition of disability that Plaintiff must meet under the AVI-SPL, Inc. long-term disability policy, is as follows: <u>"After 24 months of payments, you are disabled when Unum determines that due to the same</u>

<u>sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."</u>

13. In August 2018, Plaintiff's treating physician, Dawit Teklehaimanot, M.D. (hereinafter, "Dr. T") provided work preclusive restrictions and limitations to Unum. Additionally, in medical records obtained by Unum, they state, "Myelogram test is Positive (Pain in the back and unable to keep position for 30 seconds. Patient supine with legs flexed 2-3 inches)." Dr. T also noted that Plaintiff had a positive straight leg raise.

14. Prior to denying the Plaintiff's claim, Unum conducted surveillance for three (3) days in September 2018, which did not see Ms. Hamilton outside her home.

15. On September 17, 2018, Unum hired a private investigator to visit Ms. Hamilton at her home. The investigator noted that Ms. Hamilton had difficulty sitting in one place and needed to stand on occasion, noting that she, "moved around the room every 20 to 30 minutes." Ms. Hamilton advised the investigator that she does not carry or lift heavy items and that

her boyfriend has taken over most of the driving, household chores and assists her with activities of daily living when she is experiencing a flare in her conditions.

16. On October 19, 2018, Dr. T provided restrictions and limitations again which included, 1) no push, pull, or lift over 5 lbs. at a time; 2) no repetitive activities or work; 3) no abrupt motion; 4) no repetitive computer work; 5) no driving longer than 25 minutes one way; 6) no sitting/standing greater than 10 minutes at a time; 7) no exposure to cold, humidity, or excessive heat; and 8) no stressful environment which increase pain level.

17. On November 27, 2018, Unum employee, Janet Shepard, RN, reviewed the file to determine whether the diagnoses of radiculopathy and neuropathy were supported. Nurse Shepard noted a positive EMG in 2016 which showed cervical radiculopathy, but speculated that, "Psychiatric overlay appears quite prominent in possibly explaining Ms. Hamilton's perceived level of pain and resultant debility, as in majority of visits with AP, she is frequently described as appearing anxious, overly concerned, and very focused on her plethora of symptoms."

18. On November 30, 2018, Unum employee, "On-Site Physician" (OSP), Tony Smith, D.O. sent a letter to Dr. T requesting his opinion as to Ms. Hamilton's work capabilities. Dr. T opined that Ms. Hamilton would not be capable to working a sedentary occupation and provided the same restrictions and limitations that he provided one month earlier.

19. On December 10, 2018, Dr. Smith opined that the medical evidence did not support Dr. T's restrictions and limitations because, "Documented physical examination findings are not consistent with the stated level of physical incapacitation."

20. On December 13, 2018, Unum employee, "Designated Medical Officer" (DMO), Patrick J. Barrett, M.D., agreed with Dr. Smith's opinion of non-disability.

21. On December 17, 2018, a vocational analysis was completed using Dr. Smith's opinion and placed Ms. Hamilton into occupations that included 1) Rental Dispatcher; 2) Routing Clerk; and 3) Customer Service Representative. According to Unum's vocational employee, these occupations meet Plaintiff's wage requirement under the policy.

22. In December 2018, Ms. Hamilton was successful in winning her Social Security disability claim (as an individual under the age of 50) and Unum requested the Social Security file. Upon receipt of the file, an Unum employee, Andy Gaither, an "Offset Consultant" completed a review of the Fully Favorable Administrative Law Judge decision. Mr. Gaither concluded that only Ms. Hamilton's mental health limitations supported an award of Social Security disability benefits, despite clear physical limitations which were work preclusive.

23. On March 27, 2019, Ms. Hamilton's treating provider, Mustapha Mullah, M.D, responded to a letter from Dr. Smith (OSP), and stated that both an EMG and an MRI showed pathology which precluded Ms. Hamilton from performing a sedentary occupation.

24. On April 2, 2019, Dr. Smith (OSP) and Dr. Barrett (DMO) both prepared addendums to their original reports which concluded that no restrictions and limitations were supported for full-time work.

25. Unum issued its denial letter on April 12, 2019, which provided an inaccurate and incomplete assessment of the Social Security award and continued to ignore all of the objective evidence supporting disability.

26. After the April 12, 2019, denial letter, a second vocational review was completed by Unum in May 2019, using the restrictions and limitations outlined by the Administrative Law Judge. The Fully Favorable Social Security award contained work preclusive limitations such as <u>occasional reaching overhead and in all other directions</u> and only the <u>occasional ability to handle, finger, and feel items</u>. Despite these limitations, Unum's vocational employee concluded that Ms. Hamilton would be able to perform the occupations of 1) Admissions Evaluator; 2) Contract Technician; and 3) Job Analyst.

27. On November 6, 2019, Plaintiff filed an extensive appeal to the denial dated April 12, 2019 which included updated medical records, an updated opinion from Dr. T, a vocational analysis, and the statement under oath of Ms. Hamilton. Plaintiff's appeal proved that the restrictions and limitations provided by Dr. T and the Administrative Law Judge were work preclusive and provided multiple examples of objective evidence which

showed pathology removing Plaintiff's claim from the "mental health" or "self-reported" symptoms limitations.

28. In response to Plaintiff's appeal, Unum obtained a nurse file review which concluded that the medical evidence did not support the restrictions and limitations provided by Plaintiff's treating physicians. The Nurse review did not discuss, address or criticize any of the appeal materials that were provided to Unum in support of Ms. Hamilton's appeal. There is no discussion regarding the statement under oath of Ms. Hamilton, Dr. T's updated opinion or the vocational analysis that was completed. In her report, Nurse Yeaton stated, "I have reviewed all medical and clinical evidence provided to me by the Company personnel bearing on the impairment(s) which I am by training and experience capable to assess."

29. Unum's "On-Site" Physician concurred with the nurse's opinion that sedentary work would be possible based on the medical evidence. Beth Schnars, M.D., also advises in her report, "I have reviewed all medical and clinical evidence provided to me by the Company personnel bearing on the impairment(s) which I am by training and experience capable to assess."

11

30. Unum issued its final denial letter dated January 9, 2020, which stated, "On appeal, we completed a thorough independent review of Ms. Hamilton's claim file including the statement you provided from Ms. Hamilton as well as the medical and vocational information you submitted." There is no evidence in the claim file or in Unum's January 9, 2020, denial letter that this information was reviewed. Unum's Nurse employee and "On-Site" physician do not reference any of the appeal materials in their reports.

## FIRST CAUSE OF ACTION
## CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

31. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 30 of the Complaint.

32. Defendant Plan and Unum failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Unum and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

33. Defendant Unum has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Unum an overreliance on non-examining physicians' opinions. The conflict of interest caused Unum to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

34. While Defendant Unum may have the authority to make claims determinations under applicable law and the language of the Policy, Unum's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

35. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

36. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Unum's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Unum in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Unum and an examination of the record reveals that Unum's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

37. Unum and the Plan have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored evidence supplied by Plaintiff which supports her disability (Para. 13, 16, 18, 22, 23, 28, 29, 30); 2) Defendants relied upon non-examining peer reviews that mischaracterized Plaintiff's medical severity (Para. 17, 18, 19, 20, 24, 28, 29); 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, weakness, fatigue, and an inability to persist (Para. 17, 18, 19, 20, 24, 28, 29); 4) ignored objective evidence of disability, including, but not limited to, MRIs, CT scans,

Myelogram, EMG and clinical testing performed by her treating physician (Para. 13, 15, 16, 23, 26, 28, 29).

38. Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

39. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

40. The disability Plan under which the Plaintiff Victoria Hamilton was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

41. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

42. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

43. Under a *de novo* review of Plaintiff's claim for benefits, she meets the definition of disability by a preponderance of the evidence, remains unable to work and is entitled to benefits under the insurance policy.

## SECOND CAUSE OF ACTION
## PROCEDURAL VIOLATIONS WHICH DESTROYED ERISA'S PROMISE OF A FULL AND FAIR REVIEW

44. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 43 of the Complaint.

45. Defendants have violated regulations contained in 29 CFR § 2560.503-1 and 29 USC § 1133 which states, "In accordance with regulations of the Secretary, every employee benefit plan shall - (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose

claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

46. To support ERISA's mandate of a full and fair review pursuant to 29 USC § 1133, the Department of Labor has promulgated and amended regulations at 29 CFR 2560.503-1 (last amended November 29, 2017, effective April 1, 2018).

47. Defendant Unum has violated the regulations at 29 CFR 2560.503-1 and in so doing have eliminated any chance of providing a full and fair review to Plaintiff.

48. Unum has a responsibility to address the evidence submitted by the claimant and to explain why it was not used to support a finding of disability. See 29 CFR § 2560.503-1(j)(6)(i)(A)(B).

49. Unum's final denial letter did not explain why the claimant's medical and vocational evidence were not sufficient and why its evidence contrary to disability was more reliable.

50. The Plan Administrator, the Plan and Unum failed to provide a full and fair review under 29 CFR § 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR § 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Unum offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.

51. These procedural deficits are material and effected the substance of Plaintiff's appeal and created a final denial that is inconsistent with Unum's regulatory and fiduciary responsibilities to disclose in writing the reasons for rejecting such evidence.

52. Defendant's actions in contravention of ERISA's full and fair review requirements require the Court to use the *de novo* standard of review in the adjudication of this denial of long-term disability benefits. See *Halo v. Yale Health Plan*, 819 F 3d 42, (2d Cir., 2016) and *Fessenden v. Reliance Standard Life Ins. Co.*, 927, F 3d 998, (7th Cir., 2019), (applying *de novo* review for procedural violations).

**WHEREFORE**, Plaintiff, Victoria Hamilton, prays for the following relief:

A. For its procedural violations of 29 CFR § 2560.503-1 and USC § 1133, that the Court use a *de novo* standard of review to adjudicate this denial of disability benefits;

B. That the Court enter judgment in Plaintiff Hamilton's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Hamilton in an amount equal to the contractual amount of benefits to which Hamilton is entitled;

C. That the Court order the Defendants to pay Hamilton's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

D. That the Court declare Victoria Hamilton's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Hamilton's benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

  E. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g); and

  F. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 5th day of May, 2020

        Respectfully submitted,

        ***/s/ Joseph P. McDonald***

        _____
        Joseph P. McDonald (0055230)
        McDonald & McDonald Co., L.P.A.
        200 E. Spring Valley Rd, Suite A
        Dayton, OH 45458
        Tel: 937-428-9800
        Fax: 937-347-5441
        Email: joseph@mcdonaldandmcdonald.com
        Attorney for Plaintiff, Victoria Hamilton